IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Rocky Branch Timberlands LLC,
et al.,

                    Plaintiffs,

                                        Case No. 1:21-cv-2605-MLB

v.

United States of America, et al.,

                    Defendants.

_____/

**OPINION & ORDER**

Plaintiffs Rocky Branch Timberlands LLC ("RBT"), Rocky Branch Investments LLC, and Bryan Kelley sued Defendants United States of America, Internal Revenue Service ("IRS"), and IRS Manager Lee Volkmann, seeking declaratory and injunctive relief to compel the government to refer the examination of RBT's 2017 partnership return to the IRS's Independent Office of Appeals for review before issuance of a Notice of Final Partnership Administrative Adjustment. (Dkt. 17.) Defendants move to dismiss for lack of jurisdiction and failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt.

19.) The Court grants that motion because it lacks subject matter jurisdiction.

## I.   Background

RBT is treated as a partnership for federal tax purposes and is subject to the unified partnership audit and litigation procedures under the Tax Equity and Fiscal Responsibility Act of 1982. (Dkt. 17 ¶ 28.) Rocky Branch Investments LLC is RBT's Tax Matters Partner ("TMP"), and Bryan Kelley is the TMP representative. (*Id.* at 1.)

On September 14, 2018, RBT filed a Form 1065 (U.S. Return of Partnership Income) for the 2017 partnership year. (*Id.* ¶ 45.) On that form, RBT reported a charitable contribution deduction related to a donation of a conservation easement. (*Id.*) In December 2019, Defendants informed Plaintiffs that the Form 1065 had been selected for examination. (*Id.* ¶ 46.)

Defendants concluded that, pursuant to the three-year statutory period for assessment and collection of taxes under 26 U.S.C. § 6501(a), they had to complete their assessment of RBT's charitable contribution and levy any tax assessment by September 15, 2021. (*Id.* ¶ 48.) The IRS asked RBT to extend the statutory period through December 31, 2022.

(*Id.* ¶ 49.) As part of this request, Defendants sent Plaintiffs a Form 872-P (Consent to Extend the Time to Assess Tax Attributable to Items of a Partnership), which Plaintiffs signed on January 27, 2021 but did not return to the IRS. (*Id.* ¶¶ 49–50.) On February 22, 2021, RBT told Defendants it had decided not to extend the statutory period. (*Id.* ¶ 52.) So Defendants proceeded with their examination to meet the September 2021 deadline. (*Id.* ¶ 53.)

On April 8, 2021, Defendants sent Plaintiffs a Notice of Proposed Adjustment ("NOPA"), proposing to disallow the charitable deduction. (*Id.*) Plaintiffs disagreed with that conclusion and wanted to seek review from the IRS's Independent Office of Appeals ("IAO") before the IRS issued its so-called Final Partnership Administrative Adjustment ("FPAA") regarding RBT's 2017 charitable deduction. (*Id.* ¶ 57.) On May 7, 2021, Plaintiff sent Defendants an email setting forth its position. (*Id.*) Plaintiffs also attached a signed Form 872-P and asked the IRS execute the form and extend the statutory period so that Plaintiffs could obtain review by the IOA before issuance of the FPAA. (*Id.* ¶ 58.)

Defendants responded saying that, since Plaintiffs had previously refused to extend the statutory period, it would not agree to Plaintiff's

3

request for an extension. (*Id.* ¶¶ 63–64.) Defendants then explained that, because there was not enough time remaining in the statutory assessment period, they were not going to allow review by the IAO before filing the FPAA. (*Id.*)

Plaintiffs sued Defendants in June 2021 but did not seek emergency injunctive relief to stop the IRS's process. (Dkt. 1.) On July 23, 2021, Defendants issued the FPAA. (Dkt. 17 ¶ 79.) Plaintiffs then filed an amended complaint. (Dkt 17.) They claim Defendant's refusal to sign the Form 872-P denied them their right to have Defendants' proposed determination reviewed by the IOA before issuance of the FPAA as provided in 26 U.S.C. § 7803(e)(4). (*Id.* ¶ 64.) So, Plaintiffs seek to have everything undone so they can go back and have that review. They seek injunctive relief temporarily enjoining Defendants from issuing the FPAA until after review by the IOA; rescinding the FPAA issued on July 23, 2021; requiring Defendants to sign the Form 872-P (so that IOA can review Defendant's assessment of the charitable contribution before issuing the FPAA); and compelling Defendants to provide the requested review by the IOA.

## II. Discussion

Defendants argue this Court lacks jurisdiction because (1) this action was mooted by the issuance of the FPAA and the ensuing Tax Court Petition and (2) Plaintiffs have not established a waiver of sovereign immunity for any relief sought. (Dkt. 19-1 at 2.) The Court addresses each argument. The Court also recognizes that nearly the exact same issues are before the Eleventh Circuit on appeal from a decision by another Court in this district addressing nearly identical facts (and involving many of the same attorneys). *See Hancock Cnty. Land Acquisitions, LLC v. United States*, 553 F. Supp. 3d 1284 (N.D. Ga. 2021), *appeal docketed*, No. 21-12508 (11th Cir. July 22, 2021). The Court provides its own assessment and determination of the legal claims at issue but is mindful that the Court of Appeals could provide additional guidance at any time.

### A. Plaintiffs' request for temporary injunctive relief pending administrative independent review by the IOA (Dkt. 17 at 28)

Federal courts are courts of limited jurisdiction. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 340–42 (2006). "[F]ederal courts cannot exercise jurisdiction . . . where the issue in controversy has

become moot." *Fla. Wildlife Fed'n, Inc. v. S. Fla. Water Mgmt. Dist.*, 647 F.3d 1296, 1302 (11th Cir. 2011). A case is moot when "an event occurring after the filing of a suit deprives the court of the ability to give the parties meaningful relief." *Mailplanet.com, Inc. v. Lo Monaco Hogar, S.L.*, 291 F. App'x 229, 232 (11th Cir. 2008). Once such an event occurs, the case "no longer presents a live case or controversy" and must be dismissed. *Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir. 1993).

Here, the Court cannot enjoin the IRS from issuing the FPAA because the IRS issued it nearly a year ago—specifically on July 23, 2021. (Dkts. 17 ¶ 79; 19-2 at 14–21.) The Court thus cannot provide Plaintiffs' requested relief. *See Hancock*, 553 F. Supp. 3d at 1291.

### B. Plaintiffs' request that the Court rescind the FPAA (Dkt. 17 at 27)

As an alternative avenue for relief, Plaintiff's ask that the Court order Defendants to rescind the FPAA. This request fails for two reasons: (1) the Court has no authority to do so and (2) rescinding the FPAA would violate the Anti-Injunction Act, 26 U.S.C. § 7421(a).

Plaintiffs argue the IRS can simply rescind the FPAA and issue a new one under 26 U.S.C. § 6223(f) based on Defendants' alleged malfeasance. (Dkt. 22 at 10–11.) Defendants say that is incorrect

6

because § 6223(f) only permits the IRS to issue a subsequent FPAA if the first FPAA was tainted by *taxpayer* malfeasance.  (Dkt. 25 at 5.)  The Court agrees with Defendants.  *See PAA Mgmt., Ltd. v. United States*, 962 F.2d 212, 216 (2d Cir. 1992) ("[S]ection 6223(f) . . . allows the IRS to 'mail' only one FPAA per partner per tax year absent a 'showing' of fraud or malfeasance . . . ."); *NPR Invs., LLC v. United States*, 740 F.3d 998, 1006 (5th Cir. 2014) ("The IRS may only mail one FPAA for a taxable year with respect to a partner unless there has been 'a showing of fraud, malfeasance, or misrepresentation of a material fact.'").  There is no evidence the FPAA is tainted by Plaintiffs' fraud, malfeasance, or misrepresentation.

The Anti-Injunction Act, 26 U.S.C. § 7421(a), "bars any 'suit for the purpose of restraining the assessment or collection of any tax.'"  *CIC Servs., LLC v. IRS*, 141 S. Ct. 1582, 1586 (2021).  This prohibition precludes lawsuits that seek to restrain IRS "activities which are intended to or may culminate in the assessment or collection of taxes." *See also Kemlon Prods. & Dev. Co. v. United States*, 638 F.2d 1315, 1320 (5th Cir. 1981) (explaining that the Anti-Injunction Act also bars claims that), *modified on other grounds*, 646 F.2d 223 (5th Cir. 1981).  If any

7

adjustments to a partnership return are required, the IRS must issue an FPAA notifying the partners of the adjustments. *United States v. Clarke*, 816 F.3d 1310, 1313 n.2 (11th Cir. 2016). So to interfere with the issuance of the FPAA would be to restrain the IRS's activities intended to culminate in the assessment of a tax. *Hancock*, 553 F. Supp. 3d at 1291 ("The issuance of an FPAA is a necessary step that occurs before the IRS may make an assessment of taxes on partnership items; the IRS cannot make such an assessment until after an FPAA has been issued, and after any challenge has been addressed by the Tax Court, district court, or Court of Federal Claims." (citing 26 U.S.C. § 6232(b))).[1]

Plaintiffs disagree, saying their claim falls "within the very narrow judicial exception to the Anti-Injunction Act set out in *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962)." (Dkt. 22 at 16–20.) In *Enochs*, the Supreme Court held the Anti-Injunction Act does not bar suits where (1) it is clear that the government could not prevail under

---

[1] "The Anti-Injunction Act bars this claim regardless of [Plaintiffs'] effort to frame it as a due process issue." *Tinnerman v. United States*, 2021 WL 4427082, at *2 (M.D. Fla. Sept. 27, 2021).

8

any circumstances and (2) no adequate remedy at law exists. 370 U.S. at 7.

That exception does not apply here. As a threshold matter, it is by no means clear that the government cannot prevail under any circumstances, particularly given the Court's analysis of Defendant's motion to dismiss. (This assessment could change depending on the outcome of the appeal in *Hancock*.) In addition, Plaintiff's certainly have another adequate remedy for challenging the FPAA, specifically petitioning for readjustment of the FPAA in the United States Tax Court. The TMP has, in fact, already started that process on RBT's behalf. On October 20, 2021, it filed a petition for readjustment in the United States Tax Court, asking for "readjustment of the partnership items set forth in the [FPAA] dated July 23, 2021"—the very FPAA they seek to have rescinded here. (Dkt. 19-2.) That filing provides powerful evidence Plaintiffs have an alternative remedy and may not avail themselves of the judicial exception to the AIA set forth in *Enochs*. *Hancock*, 553 F. Supp. 3d at 1297 ("Plaintiffs, of course, have an alternate remedy here, one they are already pursuing—relief in Tax Court.").

Defendants add that the Declaratory Judgment Act also does not confer jurisdiction for the requested relief. (Dkts. 19-1 at 15; 25 at 11.) The Court agrees. The Declaratory Judgment Act, 28 U.S.C § 2201, "generally authorizes district courts to issue declaratory judgments as a remedy." *Bufkin v. United States*, 522 F. App'x 530, 532 (11th Cir. 2013) (per curiam). But it "removes federal tax matters from its ambit." *Id.* According to the Eleventh Circuit, this prohibition on entering declaratory judgment on federal taxes is "at least as broad as the prohibition of the Anti-Injunction Act." *Id.* (citing *Mobile Republican Assembly v. United States*, 353 F.3d 1357, 1362 n.6 (11th Cir. 2003)). Plaintiffs acknowledge these principle. (Dkt. 22 at 20 ("As the relief sought by Plaintiffs is not prohibited by the [Anti-Injunction Act], it cannot be prohibited by the tax exception to the Declaratory Judgment Act, which courts have determined to be coextensive and coterminous with the [Anti-Injunction Act]. Thus, an action allowed by one statute will not be barred by the other statute.").) Since the Court determines it does not have jurisdiction under the Anti-Injunction Act, it likewise concludes the Declaratory Judgment Act does not confer jurisdiction over this requested relief.

### C. Plaintiffs' request that the Court require Defendants to sign the Form 872-P (Dkt. 17 at 23)

As explained, the IRS initially faced a September 15, 2021 deadline for assessing and collecting taxes related to RBT's 2017 partnership return. (Dkt. 17 ¶ 48.) Plaintiffs refused the IRS's request to extend that deadline through December 2022. (*Id.* ¶¶ 49–52.) The IRS thus completed its review within the time provided and issued the NOPA, proposing to disallow Plaintiffs' charitable deduction. Unhappy with that decision, Plaintiffs sought an extension so they could appeal that decision to the IOA. (*Id.* ¶¶ 58–59.) Defendants denied the request because Plaintiffs had previously done so. (*Id.* ¶¶ 63–64.) Plaintiffs now request that the Court require Defendants to sign the Form 872-P. (*Id.* ¶ 78.) According to Plaintiffs, "Defendants' failure to countersign the Form 872-P was arbitrary, capricious, an abuse of discretion, was not in accordance with the law, and exceeded statutory jurisdiction, authority, or limitations or were short of statutory right." (*Id.* ¶ 86.) Plaintiffs bring this request under the APA. (*Id.* at 24.)

Defendants argue the Court lacks authority (and jurisdiction) under the APA to review its decision not to sign the Form 872-P. (Dkt. 19-1 at 16.) The Court agrees. The United States cannot be sued without

its express consent. *United States v. Testan*, 424 U.S. 392, 399 (1976); *United States v. Sherwood*, 312 U.S. 584, 586 (1941) ("The United States, as sovereign, is immune from suit save as it consents to be sued."). Without a waiver of sovereign immunity, the Court lacks subject matter jurisdiction to adjudicate claims against the United States and its agencies. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The plaintiff bears the burden of establishing a waiver of sovereign immunity. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The APA contains a limited waiver of sovereign immunity. It states that:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States[.]

5 U.S.C. § 702. District courts, however, lack jurisdiction where the challenged agency action is committed to agency discretion by law, 5 U.S.C. § 701(a), or is not "final" within the meaning of 5 U.S.C. § 704,[2]

---

[2] Section 704 states, "Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are

*National Parks Conservation Association v. Norton*, 324 F.3d 1229, 1236 (11th Cir. 2003). "The core question [in the finality determination] is whether the agency has completed its decision-making process, and whether the result of that process is one that will directly affect the parties." *Franklin v. Massachusetts*, 505 U.S. 788, 797 (1992).

  The IRS's decision not to sign the Form 872-P, and thereby decline to extend the statutory period, was not a final agency action within the meaning of § 704. Rather, it was an intermediary and procedural step leading up to the issuance of the FPAA and did not alter Plaintiffs' rights or obligations. The IRS's decision not to sign the Form 872-P did not alter the limitations period. *Hancock*, 553 F. Supp. 3d at 1293 ("The limitations period for the IRS to assess a tax after a return is filed is three years, 26 U.S.C. § 6229(a), and the IRS' decision did not alter that requirement."). The FPAA was the final agency action and Plaintiffs are challenging that. The agency's decisions as to the speed with which it decided to act or when it wanted to act was simply an intermediate step.

---

subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action." 5 U.S.C. § 704.

The IRS's decision not to extend the statutory period was also discretionary. Plaintiffs identify no requirement that the IRS agree to an extension, and the Court is aware of none. To the contrary, the law provides the statutory period may be extended only upon agreement by the taxpayer *and* the IRS. *See* 26 U.S.C. § 6501(c)(4); *Feldman v. Comm'r*, 20 F.3d 1128, 1132 (11th Cir. 1994). This provision clearly provides the IRS discretion—co-equal to a taxpayer's discretion—as to whether it will extend the statutory period. It is strange that Plaintiffs would deny the IRS the same discretion is previously exercised in the very same review.

**D. Plaintiffs' request that the Court compel Defendants to provide Plaintiffs with review by the IOA under 26 U.S.C. § 7803(e) (Dkt. 17 at 27)**

This request is moot. Plaintiffs challenge the IRS's denial of their request to resolve their case with the IOA. (*See, e.g.*, Dkt. 17 ¶¶ 4–5, 11.) The only action Plaintiffs challenge is the denial of ***pre-FPAA*** access to the IOA. The FPAA was issued on July 23, 2021. As already explained, the Court cannot compel the IRS to rescind the FPAA because doing so would violate the Anti-Injunction Act, as explained above. Because the

Court cannot provide Plaintiffs with the relief sought, this request is moot.

Nor have Plaintiffs established a waiver of sovereign immunity in connection with the request for IOA review. Defendants contend the decision to refer a matter to the IOA before the issuance of the FPAA is discretionary and not a final agency action. (Dkt. 19-1 at 18–19.)

As to the former, Defendants argue the IRS's decision not to refer this case to the IOA is a decision committed to its discretion by law and is thus not judicially reviewable. (Dkts. 19-1 at 18; 25 at 12.) Defendants contend 26 U.S.C. § 7803(e)(4) provides that review by the IOA "shall be generally available to all taxpayers." (Dkt. 19-1 at 18.) Defendants say the use of the term "generally" makes clear that certain matters will not be referred to the IOA, and it is within the IRS's discretion to decide which matters will and will not be referred to the IOA.[3] (*Id.*) Defendants analogize the decision to refer a matter to IOA to the decision to settle a matter, and an agency's decision to settle is considered by courts to be a

---

[3] Plaintiffs contend that, "[w]hile Defendants focus heavily on the modifier 'generally' . . . , the legislative history [of the statute] illustrates that Congress intended to protect taxpayers from arbitrary actions by the IRS." (Dkt. 22 at 23.) Plaintiffs cite no legislative history to support that assertion. (*Id.*)

15

discretionary act not subject to judicial review. (*Id.* (citing *Garcia v. McCarthy*, 649 F. App'x 589, 591 (9th Cir. 2016) ("[C]ourts that have had occasion to address the issue have uniformly held that an agency's decision to settle falls under the penumbra of agency inaction that has traditionally been subject to a rebuttable presumption against judicial review.")).) Plaintiffs say Defendants' argument that the IRS has total discretion to determine which taxpayers, if any, are granted review by the IOA was previously rejected by the Eleventh Circuit in *Romano-Murphy v. Commissioner*, 816 F.3d 707 (11th Cir. 2016). (Dkt. 22 at 7.) That is not true. *Romano-Murphy* dealt with an entirely different issue, the assessment of trust fund taxes, and an entirely different statute, 26 U.S.C. § 6672, which the Court held expressly permits a taxpayer to file a timely protest of a proposed assessment. Plaintiffs make no attempt to analogize the language of § 6672 to the language of § 7803(e)(4). (Dkt. 22 at 7–8.) And the holding in *Romano-Murphy* is very narrow. *See* 816 F.3d at 721 ("We hold that a taxpayer is entitled to a pre-assessment administrative determination by the IRS of her proposed liability for trust fund taxes if she files a timely protest."). The Court agrees that the

IRS has discretion as to whether to refer a matter to the IOA before issuing a FPAA.

Defendants' second argument is that the decision not to refer this matter to the IOA was not a final agency action. (Dkts. 19-1 at 18–19; 25 at 12.)  They say that decision did not mark the consummation of the IRS's decision-making process and did not determine the rights and obligations of RBT's partnership return. (Dkt. 25 at 12.)  Defendants take the position that the consummation of the IRS's decision-making process was the issuance of the FPAA because the consequences of RBT's tax examination were not determined until the issuance of the FPAA. (Dkts. 19-1 at 19; 25 at 12.)  Plaintiffs say the decision to deny them review by the IOA was final because it consummated the IRS's decision to cut off any pre-litigation administrative review. (Dkt. 22 at 24.)  But when Plaintiffs requested review by the IOA and Defendants denied that request, all that had been issued was the NOPA, which is merely a proposal, as the title suggests and even Plaintiffs admit. (*See* Dkt. 17 ¶¶ 53 ("Defendants sent Plaintiffs a Notice of Proposed Adjustment 'NOPA' *proposing* to disallow the entire charitable deduction and adjusting other deductions." (emphasis added)), 57 ("[RBT] disagreed

17

with the *proposed findings* in the NOPA . . . ." (emphasis added))); *see, e.g.*, *Trib. Media Co. v. Comm'r*, 2020 WL 58314, at *7 (T.C. Jan. 6, 2020) ("[A] NOPA standing alone is not a determination."); *see also Hancock*, 553 F. Supp. 3d at 1296 n.10 ("Plaintiffs sought access to the [IOA] *before* the issuance of a deficiency. Plaintiffs' request raises the question of what decision Plaintiffs sought to have 'appealed' to the [IOA] because at that time there was no decision."). The Court agrees with Defendants that the FPAA consummates the IRS's decision-making process and the NOPA is just an intermediate step. *See, e.g.*, *NPR*, 740 F.3d at 1006 ("An FPAA signifies the end of partnership-level proceedings."). So the decision not to refer this matter to the IOA is not a final agency action.

### III. Conclusion

As the Court lacks subject matter jurisdiction, Defendants' Motion to Dismiss the Complaint (Dkt. 19) is **GRANTED**. The Clerk is **DIRECTED** to **CLOSE** this case.

**SO ORDERED** this 21st day of June, 2022.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE